## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

RAPHAEL DONNELL                                              PETITIONER
Reg. #20191-045

V.                          NO. 2:14CV00147 JLH/JTR

C.V. RIVERA, Warden,                                         RESPONDENT
FCI-Forrest City

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Proposed Findings and Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may

-1-

also waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Raphael Donnell ("Donnell"), an inmate in the Federal Correctional Institution in Forrest City, Arkansas. *Doc. 1*. Respondent, C.V. Rivera, has filed a Response, and Donnell has filed a Reply. *Docs. 8 & 11*. Thus, the issues are joined and ready for disposition.

In February 2008, a jury found Donnell guilty, in the United States District Court for the Western District of Missouri, of conspiring to distribute a controlled substance (MDMA). *United States v. Donnell*, W.D. Mo. No. 4:06cr00408-24-GAF, at *docs. 665-83*.[1] On July 9, 2008, the Court sentenced him to 240 months of imprisonment. *Doc. 8-1*. On March 4, 2010, the Eighth Circuit Court of Appeals

---

[1] The Court electronically accessed records from the Western District of Missouri and the Eighth Circuit Court of Appeals.

affirmed Donnell's conviction and sentence.[2] *United States v. Donnell, et al.*, 596 F.3d 913 (8th Cir. 2010), *cert. denied*, 131 S. Ct. 994 (2011).

On January 3, 2012, Donnell filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence with the sentencing court. *See* W.D. Mo. No. 4:12cv00056-GAF, at *doc.1 (Doc. 8-3)*. Several of his claims concerned the sentencing court's determination that he was a career offender. On May 9, 2012, the Court entered an order denying § 2255 relief. *Doc. 8-2*. On August 26, 2014, the Eighth Circuit affirmed the trial court's decision.[3] *Donnell v. United States*, 765 F.3d 817 (8th Cir. 2014), *cert. denied*, 2015 WL 461554 (U.S. Mar. 2, 2015).

On December 18, 2014, Donnell initiated this § 2241 habeas action, arguing that the sentencing court improperly applied a career offender enhancement to his sentence under the United States Sentencing Guidelines.[4] He requests this Court to

---

[2]In its decision, the Eighth Circuit rejected Donnell's *pro se* argument that his prior conviction for resisting arrest was not a crime of violence, under *Begay v. United States*, 553 U.S. 137 (2008), for purposes of applying the career offender provisions of the United States Sentencing Guidelines. *Donnell*, 596 F.3d at 925-26 n.5.

[3]The Court held: (1) for career offender purposes, the "rule of lenity" did not exclude Donnell's prior felony conviction for resisting arrest; and (2) counsel was not ineffective for failing to challenge the career offender enhancement based on *King v. United States*, 595 F.3d 844 (8th Cir. 2010), which was decided after Donnell's direct appeal had been fully briefed, argued and submitted for decision. *Donnell*, 765 F.3d at 819-21.

[4]Specifically, Donnell argues:(1) the presentence investigation report misidentified the prior conviction for which he received a suspended imposition of sentence; (2) in determining that he was a career offender, the sentencing court erroneously counted his

vacate his sentence and order resentencing, without the career offender status enhancement.

## II. Discussion

A challenge to the lawfulness of a federal conviction and sentence generally must be made in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A federal court in the district of incarceration can entertain a 28 U.S.C. § 2241 habeas petition challenging the validity of a conviction or sentence only if "*it also*

_____

suspended sentence for resisting arrest as a predicate "crime of violence," contrary to *Descamps v. United States*, 133 S. Ct. 2276 (2013); (3) the resisting-arrest conviction was not a "crime of violence" and was "constitutionally inadequate" to support the career offender enhancement, contrary to *United States v. Thornton*, 766 F.3d 875 (8th Cir. 2014); and (4) based on *King*, *supra*, the "rule of lenity" requires that the resisting-arrest conviction not be counted as a qualifying predicate for his career offender determination. *Doc. 1, at 5; Doc. 3, at 5-14*.

*appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate or ineffective to test the legality of his detention*." § 2255(e) (emphasis added). A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Lopez-Lopez*, 590 F.3d at 907. The Eighth Circuit has made it clear that the "inadequate or ineffective remedy" exception is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

While Donnell may be barred from filing a § 2255 motion due to procedural barriers, this does *not* render that remedy inadequate or ineffective so as to permit utilization of § 2241. *Lopez-Lopez*, 590 F.3d at 907. Specifically, the § 2255 remedy is not inadequate or ineffective merely because: (1) the claim already has been raised and rejected in a § 2255 proceeding; (2) the sentencing court misunderstood or failed to fully or adequately address his § 2255 claim; (3) the petitioner has been denied permission to file a second or successive § 2255 motion; or (4) a new § 2255 motion would be barred as successive or untimely. *Id.*; *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *see* § 2255(f) (federal defendant generally has one year from "the date on which [his] judgment of conviction becomes final" to file a § 2255 motion); § 2255(h) (setting forth restrictions on successive § 2255 motions).

While Donnell currently is incarcerated in the Eastern District of Arkansas, the

claim that he is raising in his § 2241 action challenges the *validity* of his sentence imposed by the United States District Court in the Western District of Missouri. Although he has raised variations of his claim in his direct appeal, his § 2255 motion in the sentencing court, and his § 2255 appeal, they all have been rejected. Donnell's attempt to relitigate the same issues in this § 2241 action can be viewed as "no more than a transparent attempt to bypass the ruling[s]" of the courts in the sentencing district. *See Hill*, 349 F.3d at 1092.

Donnell argues that he should be allowed to proceed here because some of his arguments, based on *Thornton* and *Descamps*, were foreclosed by Eighth Circuit precedent at the time of his direct appeal and § 2255 motion. He further argues that the Government has conceded in other cases that *Descamps* is retroactive and applies on collateral review.

Regardless of concessions made by the Government in other cases, the United States Supreme Court has *not* made *Descamps* retroactively applicable to cases on collateral review.[5] *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) ("Nothing in

---

[5]According to Donnell, the Court's holding in *United States v. Williams*, No. 4:08cr00240-JLH (E.D. Ark. July 3, 2014), "reinforced that *Descamps* is retroactive." *Doc. 11, at 3*. To the contrary, in that decision, the Court denied § 2255 relief and held that: (1) *Descamps* "does not create a newly recognized constitutional right made retroactively applicable to cases on collateral review"; (2) the "doctrine of judicial estoppel" does not apply due to the Government's concession in an earlier case; and (3) counsel was not ineffective for failing to anticipate an argument based on *Descamps*. *Williams, doc. 57 at 2-4.*

*Descamps* indicates that its holding announced a new rule that was constitutionally based, and *Descamps* did not announce that its holding applied retroactively to cases on collateral review."); *Groves v. United States*, 755 F.3d 588, 593 (7th Cir.) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."), *cert. denied*, 135 S. Ct. 501 (2014), *reh'g denied*, 135 S. Ct. 1038 (2015).

In any event, because Donnell's first § 2255 action was rejected on the merits, the applicability of *Descamps* or any other decision would be a question for the Eighth Circuit Court of Appeals in determining whether Donnell should be allowed to proceed with a successive § 2255 motion.[6] *See* § 2255(h) (successive § 2255 motion "must be certified ... by a panel of the appropriate court of appeals" to contain "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

Finally, Donnell argues that he should be permitted to use § 2241 to challenge his sentence under *Persaud v. United States*, 134 S. Ct. 1023 (2014), a case that has no precedential value. In *Persaud*, the Court did *not* issue a decision on the merits, but instead granted *certiorari*, vacated a decision by the Fourth Circuit, and remanded for further consideration in light of the Solicitor General's brief. *See Holloway v.*

---

[6]According to the Eighth Circuit's records, on February 27, 2015, Donnell sought authorization to proceed with a successive § 2255 motion. That request is still pending before the Eighth Circuit. *Donnell v. United States*, 8th Cir. No. 15-1445.

*Denham*, 2015 WL 1064200, *2 (D. Colo. Mar. 9, 2015) (because the Court did not "issue a substantive decision" in *Persaud*, it "is of no assistance to Applicant").

Donnell has failed to demonstrate the inadequacy and ineffectiveness of his § 2255 remedies in the sentencing court. Accordingly, this Court lacks subject matter jurisdiction over this § 2241 habeas action, and it should be dismissed. See *Hill*, 349 F.3d at 1091-93; *DeSimone*, 805 F.2d at 323-24.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, *Doc. 1*, be DENIED, and the case be dismissed, without prejudice.

DATED this 1st day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE